# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **EVA MAE HILLMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08CV00064 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, P.C., Wise, Virginia, for Plaintiff; Melissa Curry, Assistant Regional Counsel, and Andrew C. Lynch, Special Assistant United States Attorney, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

Eva Mae Hillman filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2009) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the

Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

Hillman applied for benefits on March 16, 2006, alleging disability since June 1, 2005, and received a hearing before an administrative law judge ("ALJ") on September 11, 2007, at which she was represented by an attorney. The ALJ heard testimony from the plaintiff, as well as a independent medical expert and a vocational expert ("VE"). By decision dated October 22, 2007, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed and orally argued the issues, and the case is ripe for decision.

The plaintiff, who was 60 years old at the time of the hearing before the ALJ, has been previously employed as a certified nursing assistant. In fact, at the time of the hearing before the ALJ, she was working for pay several nights a week as a companion sitter for an elderly woman.

As documented in Hillman's medical history, the ALJ found that she had the following impairments imposing more than mild functional limitations on her ability to work: "[H]istory of cervical cancer, history of hysterectomy, gall stones, cystitis, fibromyalgia/mild fascitis, history of carpal tunnel syndrome, bursitis in knee, and urinary incontinence." (R. at 20.) Nevertheless, the ALJ determined that Hillman had the residual functional capacity to perform what is classified under the Social Security regulations as medium work. Based upon the testimony of the VE, the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform.

Before this court, Hillman argues that the ALJ ignored substantial evidence that she had a severe mental impairment that limited her ability to work. In particular, she contends that the ALJ should have credited the evidence from Thomas E. Renfro, M.D., a physician who had treated Hillman and who completed an assessment of her ability to do work-related activities regarding mental functioning. In addition, she argues that there was additional evidence of mental impairment from B. Wayne Lanthorn, Ph.D., a psychologist, who evaluated Hillman at the request of her attorney.

The ALJ considered the reports of Drs. Renfro and Lanthorn and found their opinions not reliable in this case, based upon the other evidence. While I may have

come to a different conclusion had I been the fact finder, I cannot say that the ALJ's factual determinations were not supported by substantial evidence.[1]

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted and final judgment will be entered.

DATED: January 26, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] In oral argument, counsel for Hillman also pointed to her incontinence as an impairment not adequately considered by the ALJ. The ALJ considered Hillman's testimony in that regard, but did not find it credible in light of the medical record. (R. at 24.) The ALJ's conclusion is supported by substantial evidence.